Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>JORGE MÉNDEZ ESTÉVEZ<br><br>Recurrido | TA2025CE00661 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre: Art. 3.2 (d) Ley 54<br><br>Caso Núm. ISCR2024000379 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

Comparece ante nos la parte peticionaria, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico (en adelante, el Procurador, parte peticionaria o Ministerio Público), y nos solicita la revisión de la *Resolución* emitida el 21 de julio de 2025, por el Tribunal de Primera Instancia, Sala de Mayagüez. Mediante esta, el Foro Primario le concedió a la parte recurrida, Jorge Méndez Estévez (en adelante, señor Méndez Estévez o parte recurrida), el privilegio del desvío al amparo del Artículo 3.6 de la *Ley para la Prevención e Intervención con la Violencia Doméstica,* Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 636 (en adelante, Ley Núm. 54).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del recurso de *Certiorari.*

### I

Por hechos ocurridos el 23 de septiembre de 2023, el señor Méndez Estévez fue acusado por el delito de maltrato agravado,

estatuido en el Artículo 3.2 (d) de la Ley Núm. 54, 8 LPRA sec. 632.[1] Tras celebrarse el juicio en su fondo, el 8 de abril de 2025, el Tribunal de Primera Instancia declaró culpable y convicto al señor Méndez Estévez por el delito imputado.[2] El Foro Primario refirió al señor Méndez Estévez al Programa de la Comunidad para que fuese evaluado ante la posibilidad de que este cualificara para el programa de desvío establecido en el Artículo 3.6 de la Ley Núm. 54, *supra.*

Luego de hacer la investigación de rigor, el 15 de mayo de 2025, la Técnico de Servicios Sociopenales, María del Carmen Henríquez Almodóvar (en adelante, Técnico Sociopenal o señora Henríquez Almodóvar) presentó el *Informe Pre-Sentencia.*[3] En lo pertinente, la Técnico Sociopenal expuso que la versión del señor Méndez Estévez sobre los hechos constitutivos del delito era la siguiente:

> Indicó que la perjudicada se encontraba encargada del salón de actividades Alborach que poseen. Ese día ella llegó al local, la joyería, a llevar una fianza de $300.00 de una de las actividades del local. Comenzaron a discutir y le pidió que se fuera. Él le pidió que se fuera y la tomó por el brazo y ella le dio en la cara. Él la tomó por el pelo y la bajó hacia el piso.

> Admitió que la tomó por el pelo en presencia de su hijo. No obstante, alega que fue en respuesta a la agresión por parte de la perjudicada.

Asimismo, surge del referido *Informe* que la Técnico Sociopenal describió el historial social del señor Méndez Estévez, así como su plan propuesto de vida. Mencionó que este era primer ofensor, y que sería integrado al *Programa de Re Educación y Re Adiestramiento SAI.* Además, se desprende de su evaluación que esta razonó que el señor Méndez Estévez aceptó la comisión del delito imputado. Así, completada la investigación correspondiente, la Técnico Sociopenal concluyó que el señor Méndez Estévez podría

---

[1] Apéndice del recurso, Entrada Núm. 1.
[2] *Íd.*, Entrada Núm. 6.
[3] Comparecencia Especial del Tribunal de Primera Instancia, Anejo Núm. 1.

beneficiarse del programa de desvío y recomendó la imposición de cinco (5) condiciones especiales.

El 22 de mayo de 2025 se celebró una vista, mediante la cual se le entregó a las partes el *Informe Pre Sentencia.[4]* Surge de la Minuta de los procedimientos que el Ministerio Público se opuso a la concesión del programa de desvío porque, a su entender, no aceptó la comisión del delito, negándose a firmar el *Convenio para Tratamiento Programa de Reeducación y Readiestramiento y Desvío [...]*. Además, este arguyó que el señor Méndez Estévez justificó su conducta al relatar su versión de los hechos. Tras indicar que estaría refutando el aludido *Informe*, el Foro Primario ordenó a las partes a presentar las mociones correspondientes y señaló una vista de impugnación para el 23 de junio de 2025.

Posteriormente, el 6 de junio de 2025, el Ministerio Público presentó una *Moción Impugnando Informe Pre-Sentencia y en Oposición al Desvío bajo el Artículo 3.6 de la Ley Núm. 54*, al amparo de la Regla 162.3 de Procedimiento Criminal, 34 LPRA Ap. II, R. 162.3.[5] En esencia, el Ministerio Público alegó que el señor Méndez Estévez no le aceptó expresamente a la Técnico Sociopenal la comisión del delito por el cual se le encontró culpable, sino que este justificó su conducta en su versión de los hechos, sin mostrar arrepentimiento. Sostuvo que lo anterior era impedimento para beneficiarse del programa de desvío bajo el Artículo 3.6 de la Ley Núm. 54, *supra*. En adición, el Ministerio Público insistió en que no estaría firmando el convenio en cuestión, ya que se oponía a la otorgación del aludido privilegio. Por último, le solicitó al Foro de Instancia que citara, tanto a la Técnico Sociopenal, como a la perjudicada, para la vista de impugnación de informe previamente señalada.

---

[4] Apéndice del recurso, Entrada Núm. 7.
[5] *Íd.*, Entrada Núm. 8.

Más adelante, el 18 de junio de 2025, el señor Méndez Estévez presentó un *Escrito en Cumplimiento de Orden y en Oposición a "Moción Impugnando Informe Pre-Sentencia [...]".*[6] En resumen, la parte recurrida resaltó que la conclusión de la Técnico Sociopenal en el *Informe Pre Sentencia* fue favorable. Alegó que la versión de los hechos plasmada en el *Informe Pre Sentencia* recogió la evidencia desfilada en el juicio. Además, señaló que de las conclusiones de la Técnico Sociopenal se desprendió que el señor Méndez Estévez aceptó la comisión del delito, por lo que reconoció su conducta. Adujo que la Técnico Sociopenal examinó la situación y, considerando los factores aplicables, recomendó el desvío. Igualmente, arguyó que el Ministerio Público incumplió con los requisitos de la Regla 162.3 de las de Procedimiento Criminal, *supra,* así como que sus señalamientos eran insuficientes en ausencia de la presentación de la prueba pertinente.

El 16 de julio de 2025 la Técnico Sociopenal presentó un *Informe Complementario Pre [S]entencia.*[7] En el mismo, la señora Henríquez Almodóvar indicó que, tras entrevistar nuevamente a personas en la comunidad, estas describieron al señor Méndez Estévez como una persona seria, responsable, tranquila, y desvinculado de conducta negativa. Asimismo, expresó que volvió a entrevistar a la parte recurrida, quien expresó: "Lamento, lamento mucho lo sucedido", al igual que manifestó que reaccionó sin medir las consecuencias, y reconoció que debió haber asumido otra conducta que le hubiese evitado consecuencias legales. Igualmente, la Técnico Sociopenal esbozó que, en esta ocasión, notó al señor Méndez Estévez más relajado, comunicativo y sincero.

---

[6] *Íd.*, Entrada Núm. 9.
[7] Comparecencia Especial del Tribunal de Primera Instancia, Anejó Núm. 2.

Así las cosas, el 21 de julio de 2025, se celebró la vista de impugnación del *Informe Pre Sentencia*.[8] Surge de la regrabación de los procedimientos que el Ministerio Público reiteró sus argumentos respecto a que las expresiones del señor Méndez Estévez esbozadas en el *Informe Pre-Sentencia* no reflejaron una aceptación expresa de los hechos delictivos ni su arrepentimiento, lo cual era un requisito indispensable para conceder el privilegio del desvío. Asimismo, insistió en que el señor Méndez Estévez justificó su conducta. No obstante, manifestó que no objetaba la concesión de una probatoria regular. Aun así, reiteró que el Ministerio Público no firmaría el convenio, y se opuso a que se le concediera el beneficio del desvío. Es preciso señalar que el Ministerio Público no presentó prueba para refutar la recomendación emitida por la Técnico Sociopenal, solo argumentó que no se cumplió con el requisito de aceptar la comisión del delito.  El Ministerio Público expresó que, dado a su argumentación sobre el derecho aplicable, era innecesario la presentación de testigos.

Por otro lado, la defensa del señor Méndez Estévez arguyó que, conforme a lo establecido en la Regla 162.3 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 162.3, el Ministerio Público no logró impugnar el *Informe*, por no presentar evidencia que reflejara que el mismo no correspondía a la realidad. Además, alegó que no era requisito del estatuto que el Ministerio Público estuviese de acuerdo para la concesión del aludido beneficio, sino que su otorgamiento era una decisión discrecional del Tribunal.

Escuchadas las argumentaciones de las partes y en ausencia de prueba desfilada para contrarrestar el *Informe*, el Tribunal de Primera Instancia declaró *No Ha Lugar* la moción del Ministerio Público impugnando el *Informe Pre-Sentencia*. El Foro Primario

---

[8] Apéndice del recurso, Entrada Núm. 10.

expresó que, basado en lo dispuesto en los referidos informes, no podía concluir que la parte recurrida no había aceptado los hechos constitutivos del delito.

Luego de ello, la Jueza entendió necesario escuchar a la Técnico Sociopenal para dirimir las condiciones especiales a imponer. Esta reiteró su recomendación de que el señor Méndez Estévez se podría beneficiar del programa de desvío. Además, testificó que el señor Méndez Estévez se encontraba participando de las terapias para agresores domésticos del *Programa de Re Educación y Re Adiestramiento SAI*, y recomendó que las relaciones paternofiliales se siguieran al pie de la letra, así como que se le recalcara a la parte recurrida que debía evitar toda comunicación con la perjudicada.

Culminada la vista, el mismo día, el Tribunal de Primera Instancia emitió la *Resolución* recurrida.[9] Mediante esta, el Foro Primario acogió la recomendación de la Técnico Sociopenal y le concedió al señor Méndez Estévez el beneficio de la libertad a prueba por el término de mínimo de doce (12) meses y un máximo de treinta y seis (36) meses, al amparo del Artículo 3.6 de la Ley Núm. 54, *supra*, imponiendo dieciséis (16) condiciones especiales a cumplir.

En desacuerdo, el 4 de agosto de 2025, el Ministerio Público presentó una *Moción en Reconsideración a Resolución*, mediante la cual reiteró sus previos argumentos sobre que el señor Méndez Estévez no aceptó la comisión del delito imputado. El 22 de septiembre de 2025 el Tribunal de Primera Instancia emitió una *Resolución*, mediante la cual denegó la aludida solicitud. En su dictamen, el Foro Primario concluyó que el Ministerio Público no impugnó la investigación razonable de la Técnico Sociopenal, así como que tampoco presentó prueba sobre que el señor Méndez

---

[9] *Íd.*, Entrada Núm. 2.

Estévez pudiese representar un riesgo o peligro para la perjudicada. Además, señaló que la parte recurrida estaría sujeto a una supervisión cercana y continua del Tribunal.

Inconforme, el 22 de octubre de 2025, el Procurador presentó el recurso de *Certiorari* ante nos. Mediante este, señala la comisión del siguiente error:

> El Tribunal de Primera Instancia erró al conceder el privilegio del desvío al señor Méndez Estévez, a pesar de que no se cumplieron los requisitos contenidos en los incisos (d) y (e) del Artículo 3.6 de la Ley Núm. 54-1989, *supra.*

Por su parte, el 11 de noviembre de 2025, la parte recurrida presentó su *Escrito en Cumplimiento de Orden y en Oposición a que se Expida el Auto Solicitado.* Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

**II**

**A**

La violencia doméstica constituye una conducta muy repudiada en nuestro sistema de ley y orden, razón por la cual existe una clara política pública en su contra. *Pueblo v. Torres Medina,* 211 DPR 950, 961 (2023); *Pueblo v. Figueroa Santana,* 154 DPR 717, 723 (2001). La Ley Núm. 54, *supra,* se aprobó como respuesta a los múltiples incidentes de agresión conyugal registrados en Puerto Rico, convirtiéndose este patrón de conducta en uno de los problemas más graves y complejos de nuestra sociedad. Mediante el referido estatuto, el Gobierno reafirmó su compromiso constitucional de proteger la vida, la seguridad y la dignidad de los hombres y mujeres que habitan en su jurisdicción, fomentando, de este modo, la paz social y la sana convivencia en familia.

Como parte de las alternativas de rehabilitación propuestas por la Ley Núm. 54, el Artículo 3.6, *supra,* provee para que la persona convicta por violencia doméstica pueda ser acreedora de un

mecanismo de desvío. *Pueblo v. Torres Medina*, supra, pág. 961. El principal resultado de esta alternativa es que la persona convicta por infracción a la aludida Ley sea sometida a un periodo de libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento. En particular, el mencionado Artículo expone que, antes de hacer cualquier determinación al respecto, el tribunal deberá escuchar la posición del Ministerio Público. A su vez, dispone que esta alternativa de desvío solamente estará disponible cuando existan las siguientes circunstancias:

> Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este capítulo, el tribunal podrá, *motu proprio* o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja. Antes de hacer cualquier determinación al respecto, el tribunal deberá escuchar al Ministerio Fiscal.

> Esta alternativa de desvío solamente estará disponible cuando existan las circunstancias siguientes:

> (a) Se trate de una persona que no haya sido convicta, y recluida en prisión producto de una sentencia final y firme o se encuentre disfrutando del beneficio de un programa de desvío bajo esta Ley o de sentencia suspendida, por la comisión de los delitos establecidos en esta Ley o delitos similares establecidos en las Leyes del Estado Libre Asociado de Puerto Rico o Estados Unidos contra la persona de su cónyuge, ex cónyuge, persona con quien cohabita o ha cohabitado, persona con quien sostiene o ha sostenido una relación consensual o persona con quien haya procreado un hijo o una hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación

> (b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de esta ley o de cualquier disposición legal similar.

> (c) Se trate de una persona que no haya sido convicta por violación al Artículo 3.2A de esta Ley incluyendo su tentativa.

(d) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia, organismo, institución pública o privada a que se referirá el acusado.

(e) Como parte del convenio y de la participación en el programa de reeducación, la persona presente una declaración aceptando por la comisión del delito imputado y reconociendo su conducta.

El tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio e impondrá los términos y condiciones que estime razonables y el período de duración de la libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que prestará los servicios, cuyo término nunca será menor de un año, ni mayor de tres (3).

[...].

8 LPRA sec. 636.

Así pues, vemos que la Ley Núm. 54, *supra*, procura fomentar la rehabilitación del agresor mediante un mecanismo alterno al trámite ordinario penal. Ahora bien, el juez de instancia está llamado a determinar si la persona que reclama la concesión de dicho remedio es merecedora, o no, del mismo, de acuerdo con las particularidades del caso sometido a su consideración. *Pueblo v. Rodríguez Velázquez*, 152 DPR 192, 202 (2000). De este modo, la concesión del programa de desvío descansa en la sana discreción del tribunal, siendo el disfrute del beneficio de libertad a prueba un privilegio, no así un derecho. *Pueblo v. Vázquez Carrasquillo*, 174 DPR 40, 46 (2008); *Pueblo v. Rodríguez Velázquez*, supra, pág. 202; *Pueblo v. Zayas Rodríguez*, 147 DPR 530, 536 (1999).

No obstante, previo a dictar sentencia o a conceder el beneficio del programa de desvío, el Foro Primario deberá tomar en consideración el informe pre sentencia. Respecto a ello, la Regla 162.1 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 162.1, dispone lo siguiente:

(a) El tribunal, antes de dictar sentencia en los siguientes casos, deberá tener ante sí un informe que le haya sido rendido, después de haberse practicado una investigación minuciosa de los antecedentes de familia e historial social de la persona convicta y del efecto

económico, emocional y físico que ha causado en la víctima y su familia la comisión del delito, que le permita emitir una decisión racional de sentencia.

[…].

Con el propósito de que el Ministerio Público y la defensa puedan controvertir lo dispuesto en dicho informe, mediante la presentación de prueba, ambas partes tendrán acceso al mismo. *Íd.* Cónsono con lo anterior, la Regla 162.3 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 162.3, establece lo siguiente:

> Una vez rendidos los informes presentencia, el tribunal notificará prontamente ese hecho a las partes quienes podrán objetarlos dentro del término de diez (10) días, a contar desde su notificación.

> Se especificará qué partes del informe se pretende controvertir mediante la presentación de prueba. Si los informes fueren objetados, el tribunal celebrará una vista.

**B**

Por otra parte, el auto de *certiorari*, 32 LPRA sec. 3491 *et seq.*, es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir a lo dispuesto por la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo que sigue a continuación:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

### III

En el caso de epígrafe, el Procurador alegó que el Tribunal de Primera Instancia abusó de su discreción al concederle a la parte recurrida el beneficio del desvío que provee el Artículo 3.6 de la Ley Núm. 54, *supra.* En específico, arguyó que el señor Méndez Estévez no cumplió con los requisitos que esboza el referido estatuto, ya que no aceptó la comisión del delito, ni contaba con el convenio del Ministerio Público, luego de que este se negara a firmarlo.

Al examinar la presente causa, colegimos en que no existe condición legal alguna que nos invite a imponer el ejercicio de nuestras funciones sobre aquel efectuado por el Tribunal de Primera Instancia. Luego de examinar el expediente de autos, así como la regrabación de los procedimientos de la vista de impugnación del *Informe,* concluimos que nada sugiere que, en el quehacer de su gestión adjudicativa, el Foro Primario haya incurrido en error de

derecho o abuso de discreción, de modo tal que resulte meritoria nuestra intervención en el asunto. A nuestro juicio, la *Resolución* recurrida obedece al sano empleo del criterio del Juzgador para disponer del asunto sometido a su escrutinio, ello conforme a la ley aplicable.

Tanto del *Informe Pre Sentencia,* como del *Informe Complementario Pre Sentencia,* surge claramente que la parte recurrida aceptó los hechos constitutivos del delito por el cual se le encontró culpable.  En específico, emana del primero de estos que el señor Méndez Estévez "[a]dmitió que tom[ó] a la perjudicada del pelo y estaba en presencia de su hijo", así como que "[a]ceptó la comisión de los delitos, aunque en cierta manera se justificó".[10] Igualmente, del *Informe Complementario Pre Sentencia* surge que la parte recurrida expresó que "lament[aba] mucho lo sucedido", y reconoció que debió haber asumido otra conducta.[11] Por tanto, justipreciamos que ello constituye una aceptación del delito imputado, reconociendo su conducta criminal.

Asimismo, cabe resaltar que en la vista celebrada el 21 de julio de 2025, el Ministerio Público tuvo la oportunidad de presentar prueba para impugnar la recomendación de la Técnico Sociopenal, conforme a lo dispuesto en la Regla 162.3 de las de Procedimiento Criminal, *supra,* y no lo hizo. Siendo así, por no estar presentes los criterios estatuidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos no expedir el auto solicitado.

**IV**

Por los fundamentos antes esbozados, denegamos la *Resolución* recurrida.

---

[10] Comparecencia Especial del Tribunal de Primera Instancia, Anejo Núm. 1, págs. 4-5.
[11] *Íd.*, Anejo Núm. 2, pág. 2.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones